UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 06-20662

PATRICK HARRINGTON,                    HONORABLE AVERN COHN

    Defendant.

_____/

## **SENTENCING MEMORANDUM**[1]

I.

This is a criminal case. On November 13, 2008, the Court imposed a sentence on defendant Patrick Harrington of 120 months followed by two (2) years of supervised release, and a $200.00 special assessment. The Court also ordered restitution in the amount of $30,000,000.00 to Business Loan Express (BLX); $2,944,904.29 to Community South Bank and $800,059.53 to the Small Business Administration. The Court further directed that restitution be paid according to a schedule agreed upon by the Probation Office and defendant and payment not be begin until defendant has completed his custodial term.

This memorandum memorializes the reasons for the sentence.

II.

Harrington pled guilty to two (2) offenses:

---

[1] This is a revision and extension of the Court's bench comments on November 13, 2008.

- conspiracy to defraud the United States, in violation of 18 U.S.C. § 371

- making a false declaration to a grand jury, in violation of 18 U.S.C. § 1623.

Harrington was Executive Vice President of BLX. BLX was a small business lender which originated, sold, and serviced loans under the Small Business Administration (SBA) guaranteed loan program. Harrington headed BLX's Troy, Michigan office.

Between January, 2001 and September, 2006, about ninety (90) loans were made by BLX which were fraudulently initiated. Essentially, the required equity investment by a borrower for a loan was misrepresented and the property value of the security was fraudulently over-appraised. The overall loss on the fraudulent loans exceeds $30 million dollars. Harrington had full knowledge of the fraudulent nature of the loans.

Additionally, Harrington, when testifying before a grand jury investigating the loan fraud made a false declaration.

As of now, approximately thirty (30) persons have been indicted and pled guilty or are awaiting trial on charges relating to the fraudulent loans.

III.

Under the guidelines, Harrington scores as follows:

```
Base Offense Level:              6
Loss between $20M to $50M       22
Organizer/Leader[2]              4
Abuse of Position of Trust[3]    2
                                34
```

---

[2] U.S.S.G. § 3B1.1.

[3] U.S.S.G. § 3B1.3.

    Acceptance of Responsibility  <u>-3</u>
    Total Offense Level   31

    Criminal History Category   I

for a guideline range of 108 to 135 months.

  Each of the offenses to which Harrington pled guilty has a five (5) year maximum sentence.

  Under his Rule 11 plea agreement, Harrington and the government agreed that the Court is to impose the sentence taking into consideration the 18 U.S.C. §3553 factors and the applicable guideline range.

  The Court has chosen the midpoint of the applicable guideline range.

  Harrington objects to the enhancements. Each objection is considered in turn.

A.

  U.S.S.G. § 3B1.1 provides for a four (4) level enhancement in the offense level under the guidelines "if the defendant was an organizer or leader of a criminal activity that involved five (5) or more participants or was otherwise extensive." In making this determination, a district court considers several factors, as follows:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

<u>United States v. Walls</u>, __ F.3d. __, 2008 WL 4876835, *5 (6th Cir. Nov. 13, 2008), (citing <u>United States v. McDaniel</u>, 398 F.3d 540, 551 (6th Cir. 2005), quoting U.S.S.G. § 3.B.1.1 applic. n. 4).

  Harrington's role in the fraud warrants the four (4) level enhancement. As explained by the government in its Sentencing Memorandum (Dkt. 29):

> Based upon Harrington's leadership and management role in this offense, the probation department properly recommends a four-level enhancement. Harrington received terrific compensation for his work, which included all of these fraudulent loans; he pressured his employees (some of whom he admits also participated in fraudulent deals) to produce more loans; he exercised decision making authority over the loans when issues arose; he admits to working with brokers to get money from new fraudulent deals in order to cover old fraudulent deals; and he generally put pressure on the brokers when payment issues arose on the bad loans.

Sentencing Memorandum at p. 10. Thus, this objection is overruled.

B.

U.S.S.G. § 3B1.3 provides for a two (2) level enhancement in the offense level under the guidelines "if the defendant abused a position of public or private trust or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense."

Harrington's role in the fraud warrants the two (2) level enhancement. At BLX, Harrington had professional and managerial discretion. Additionally, he had significant signing authority on behalf of the SBA. The Sixth Circuit decisions in United States v. Moored, 997 F.2d 139 (6th Cir. 1993) and United States v. Humphrey, 279 F.3d 372 (6th Cir. 2002), describe the circumstances which must be present for the enhancement. Notably, the Sentencing Guidelines commentary describes a position of trust as one "characterized by professional or managerial discretion ( i.e., substantial discretionary judgment that is ordinarily given considerable deference)." U.S.S.G. § 3B1.3 commentary, applic. n. 1. The application note specifies that the adjustment would apply to "a bank executive's fraudulent loan scheme" but not "embezzlement or theft by an ordinary bank teller." Id.

Although the Sixth Circuit rejected the application of the enhancement in Moored

and Humphrey, the facts of those cases are decidedly different. In Humphrey, the Sixth Circuit found that the defendant's position as a vault teller was closer in kind to a bank teller than a bank officer. In Moored, the defendant's position of trust was with a third party, not the victim.

Here, Harrington's position was analogous to a bank officer. As put by the government in its Sentencing Memorandum, "[s]ignificant trust was delegated to Harrington and he abused it." Sentencing Memorandum at p. 11. The government goes on to say:

> Harrington abused his position of trust by not disclosing the truth about the fraudulent loans that were originated and approved with his knowledge and under his supervision. On those occasions when Harrington was not directly involved in the fraudulent deals, he supervised the business officers below him that submitted fraudulent loans for approval. Harrington admitted that he knew that others below him were submitting fraudulent loans for approval. This failure to exercise of discretionary oversight appropriately contributed to the commission o these offense and the concealment of the offenses. Harrington's loan fraud scheme is exactly the type of abuse of trust that § 3B1.3 is aimed at punishing.

Supplemental Sentencing Memorandum (Dkt. 30) at p. 2. Thus, this objection is overruled.

C.

Turning to the § 3553 factors, the district court in United States v. Ranum, 353 F. Supp 2d 984, 989 (E.D. Wis. 2005), explained that the factors can be conflated to:

- the nature of the case

- the character of the defendant

- the needs of the public and of the victims of the offense

Here, Harrington

- acted for personal gain – the amount of loans made by BLX enhanced his position

5

- his activities inflicted mammoth injury on his employer and the employees of BLX

- his activities seriously damaged the SBA loan program and its reputation. While the SBA may not have suffered any dollar damages since Harrington's employer reimbursed the SBA for what it had to pay out on the fraudulent loans it guaranteed, the intangible loss to the SBA is very large.

The sentence imposed promotes respect for the law by those in executive positions in small loan companies who have the opportunity to engage in inappropriate conduct, and makes clear what can happen to a person who falsely testifies to a grand jury. While the offense level for making a false declaration is substantially lower than that for fraud, in the circumstances here it is a significant offense. Persons who lie in their grand jury testimony inflict serious injury on all of us.

The factors above outweigh Harrington's personal characteristics and circumstances. Likewise, they outweigh the fact that Harrington is unlikely to err again.

By sentencing Harrington to the midpoint of the applicable guideline range, the Court is doing more than mechanically correlating the calculated offense level to the amount of loss he is responsible for. The Court is satisfied that the 120 month sentence is sufficient, but not greater than necessary, to provide just punishment and reflects the seriousness of Harrington's offenses as well as promoting respect for the law.

Dated: November 21, 2008        s/Avern Cohn
                                                      AVERN COHN
                                                      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 21, 2008, by electronic and/or ordinary mail.

                                                              s/Julie Owens
                                                              Case Manager, (313) 234-5160