UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,	Criminal No. 06-20662-01
    	Civil No. 11-11137
-vs-	HON AVERN COHN

PATRICK J. HARRINGTON,

    Defendant/Petitioner.

_____/

**ORDER GRANTING REQUEST FOR CERTIFICATE OF APPEALABILITY (Doc. 63)**

I.

This is a case under 28 U.S.C. § 2255.  Petitioner, Patrick Harrington, filed a motion under § 2255, contending that the 120 month sentence imposed on him following his guilty plea to violations of 18 U.S.C. §§ 371 and 1623 was in violation of his constitutional rights.  Specifically, petitioner claimed that trial counsel was ineffective for (1) failing to object to the loss attributable to him and (2) failing to offer evidence that Petitioner was not a leader or organizer in the offense.  The Court denied the motion. See Memorandum and Order filed June 22, 2011 (Doc. 59).  Before the Court is Petitioner's request for a certificate of appealability (COA) on his claim related to the amount of the loss attributable to him.  Petitioner does not seek a COA on his claim related to being a leader or organizer.

II.

Before Petitioner can appeal the Court's decision, a COA must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

Here, reasonable jurists could debate the Court's conclusion.  Accordingly, a COA is granted on Petitioner's claim his trial counsel's failure to object to the loss attributable to him under U.S.S.G. § 2B1.1 constituted ineffective assistance of counsel.

SO ORDERED.

Dated:  July 26, 2011         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 26, 2011, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160